UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN GLYNN ) | Case Number |
| Plaintiff ) | |
| v. ) | CIVIL COMPLAINT |
| BONDED CREDIT BUREAU, ) | |
| INC. d/b/a DRS BONDED ) | |
| & ) | JURY TRIAL DEMANDED |
| PENTAGROUP FINANCIAL, LLC ) | |
| & ) | |
| CITIFINANCIAL RETAIL SERVICES ) | |
| & ) | |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC. ) | |
| Defendants ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Ellen Glynn, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.   Plaintiff, Ellen Glynn, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants, Bonded Credit Bureau, Inc., Pentagroup Financial, LLC and Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices, and against Defendants, Bonded Credit Bureau, Inc. and CitiFinancial Retail Services for Breach of Contract.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant has a location in this district.

## III. PARTIES

4. Plaintiff, Ellen Glynn is an adult natural person residing in New Smyrna Beach, Florida 32168.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded ("Defendant DRS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Florida and Ohio its principal place of business located at 7745 East Kemper Road, Cincinnati Ohio 45249.

6. Defendant, Pentagroup Financial, LLC, ("Defendant Pentagroup"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the States of Florida and New York with an address at 3065 Union Road, Orchard Park, New York 14127.

7. Defendant, CitiFinancial Retail Services, ("Defendant CitiFinancial"), at all times relevant hereto, is and was a New York corporation engaged in the business of offering consumer credit accounts and collecting payment throughout the United States on those accounts the defendant maintains offices at 2035 W. 4th Street, Tempe, AZ  85281.

8. Defendant, Midland Credit Management, Inc., ("Defendant Midland"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt in the Commonwealth of Pennsylvania and the Florida, with a Pennsylvania address of P.O. Box 603, Oaks, Pennsylvania 19456.

9. Defendants, DRS, Pentagroup, and Midland are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. Plaintiff retained a law firm to assist her in resolving personal financial issues.

11. On or about June 18, 2010, Plaintiff, received a settlement offer from Defendant, DRS in regards to the alleged debt owed to Defendant, CitiFinancial. **See Exhibit "A" attached hereto.**

12. The settlement letter from Defendant, DRS stated the Plaintiff can settle the alleged account for $2,928.00.

13. Defendant, DRS aforementioned letter stated that the alleged account was to be paid by twelve payment of $244.00 due by the 25th of each month consecutively beginning June 25, 2010.

14. Defendant, DRS's letter also stated that upon clearance of said funds, Defendant, CitiFinancial would release the Plaintiff of the debt.

15. Defendant, DRS's letter also stated the Credit Bureaus would be updated to show the Plaintiff has a zero balance.

16. On or about June 25, 2011, Plaintiff made the first payment of $244.00 to Defendant, DRS.

17. Defendant, DRS accepted and deposited the Plaintiff's payment.

18. On or about July 15, 2010, Plaintiff made the second payment of $244.00 to Defendant, DRS.

19. Defendant, DRS accepted and deposited the Plaintiff's payment.

20. On or about August 16, 2010, Plaintiff made the third payment of $244.00 to Defendant, DRS.

21. Defendant, DRS accepted and deposited the Plaintiff's payment.

22. On or about September 15, 2010, Plaintiff made the fourth payment of $244.00 to Defendant, DRS.

23. By letter dated September 13, 2010 and received by Plaintiff on or about September 17, 2010, Defendant, Pentagroup sent the Plaintiff a letter collecting on the debt allegedly owed to Defendant, CitiFinancial. **See Exhibit "B" attached hereto.**

24. Before Plaintiff's attorney was notified by Plaintiff of receipt of Exhibit "B", Plaintiff's attorney made the October 2010 payment which was the fifth payment of $244.00 to Defendant, DRS.

25. Defendant, DRS returned the Plaintiff's fourth and fifth payments on or about October 29, 2010.

26. Plaintiff's attorney contacted Defendant, DRS in regards to the letter the Plaintiff received from Defendant, Pentagroup.

27. Defendant, DRS informed Plaintiff's attorney Defendant, CitiFinancial had recalled the account.

28. Beginning in October 2010, Defendant Pentagroup, called and told the Plaintiff that she owed an alleged debt of approximately $10,000.00 for two accounts belonging to Defendant, CitiFinancial.

29. Plaintiff only had one account with Defendant, CitiFinancial.

30. Plaintiff informed Defendant, Pentagroup that she was already making payments on the account with Defendant, DRS.

31. Defendant, Pentagroup continued to call the Plaintiff in an attempt to collect on the subject account.

32. In or about January 2011, Plaintiff received a letter from Defendant Midland stating they had taken over the alleged debt owed to Defendant, CitiFinancial. **See Exhibit "C" attached hereto.**

33. In the aforementioned letter from Defendant Midland states the Plaintiff owed a balance of $11,129.54 on the alleged debt which is an approximate $1,100.00 increase in a three month time period.

34. The increase of the balance by Defendant Midland is exorbitant, is not authorized by any contract and does not reflect the credit for payments made on the account to Defendant DRS for the same account.

35. Defendants, DRS and CitiFinancial are in breach of the contract that they had in place with the Plaintiff allowing her the opportunity to participate in an agreed upon debt settlement arrangement.

36. Defendant, DRS and CitiFinancial's breach is of no fault of the Plaintiff.

37. The Defendants, DRS, Pentagroup and Midland Funding knew or should have known that their actions violated the FDCPA. Additionally, Defendants, DRS, Pentagroup, and Midland could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38. At all times pertinent hereto, Defendants, DRS, Pentagroup and Midland were acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants, DRS, Pentagroup, and Midland Funding herein.

39. At all times pertinent hereto, the conduct of Defendants, DRS, Pentagroup and Midland as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

40. As a result of Defendant, DRS, Pentagroup and Midland's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – FDCPA

**Plaintiff v. Bonded Credit Bureau, Inc.,
Pentagroup Financial, LLC & Midland Credit Management, Inc.**

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendants, Bonded Credit Bureau, Inc., Pentagroup Financial, LLC and Midland Credit Management, Inc. were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| § 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| § 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or authorized by law |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Bonded Credit Bureau, Inc., Pentagroup Financial, LLC and Midland Credit Management, Inc. for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II- BREACH OF CONTRACT

### Plaintiff v. Bonded Credit Bureau, Inc. & CitiFinancial Retail Services

44. The above paragraphs are hereby incorporated herein by reference.

45. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendant promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

46. Defendant is in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Bonded Credit Bureau, Inc. and CitiFinancial Retail Services, for the following:

    a.    Actual damages;

    b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  October 4, 2011

BY: */s/Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire

BY: */s/Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff